976 So.2d 942 (2007)
Michael James McDONALD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01231-COA.
Court of Appeals of Mississippi.
September 18, 2007.
Rehearing Denied December 11, 2007.
*943 David Lee Brewer, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On May 22, 2004, Michael James McDonald was at the beach in Gulfport, Mississippi, with his thirteen-year-old daughter and his two sons. McDonald was divorced from the children's mother and was exercising his weekend visitation. Witnesses observed McDonald rubbing his daughter[1] with suntan lotion in a manner described as inappropriate. The Gulfport Police Department was notified about alleged indecent exposure on the beach and dispatched officers to the scene. Officer Alfred Parker responded and witnessed an older male applying suntan lotion on a young female. Officer Parker witnessed the man place his hands under the female's bathing suit over her breasts and between her buttocks after moving the swimsuit aside from her genital area. Two other witnesses made statements to the police corroborating the incident.
¶ 2. McDonald was approached by the police and taken to the station. His daughter told the police that her father wanted to give her a massage. She stated that he rubbed his hand under her swimsuit top and bottom. She further stated that he rubbed her vagina with his hand and also inserted his finger into her vagina. When the police arrived, she said her father told her not to say anything, that he would do all of the talking.
¶ 3. On May 24, 2006, a jury in the Harrison County Circuit Court convicted McDonald of two counts of gratification of lust under Mississippi Code Annotated Section 97-5-23(2). McDonald was sentenced to fifteen years on each count, with the sentences to be served concurrently in the custody of the Mississippi Department of Corrections.
¶ 4. McDonald filed a motion for a new trial, which the trial court denied. McDonald now appeals asserting two issues: (1) the trial court erred in refusing to allow him to introduce evidence concerning his divorce and custody battle with his daughter's mother and (2) the trial court erred in failing to grant his motion for a new trial.

DISCUSSION
I. DID THE TRIAL COURT ERR BY NOT ALLOWING MCDONALD TO INTRODUCE EVIDENCE CONCERNING HIS DIVORCE AND CUSTODY BATTLE WITH HIS VICTIM'S MOTHER?
¶ 5. In his first issue on appeal, McDonald argues that the trial court erred *944 by not allowing him to introduce evidence concerning the circumstances of his divorce and custody battle with his daughter's mother.[2] McDonald claims that these circumstances were relevant and would help explain why his daughter made inconsistent statements about the incident at the beach. McDonald is under the impression that his ex-wife encouraged his daughter to fabricate these allegations against him.
¶ 6. The relevancy and admissibility of evidence rests within the trial judge's discretion and, absent an abuse of his discretion resulting in prejudice to the defendant, this Court will not reverse his rulings. Shaw v. State, 915 So.2d 442, 445(¶ 8) (Miss.2005). The State filed a motion in limine to exclude any testimony regarding the divorce proceedings and subsequent custody battle between McDonald and his ex-wife. In his ruling the trial judge found as follows:
All right. It's my understanding that the evidence in this case is going to come from police and alleged eyewitnesses to the fact, and because there is going to be some eyewitness testimony, and the mother is not going to testify herself, I feel that obviously her credibility is not in question in this case, so the Court finds that the documents that have been offered for identification are irrelevant to the issues that will be raised in the course of this trial, so I'm going to sustain the motion in limine.
The trial judge also stated that he would allow McDonald to reargue his opposition to the motion in limine if McDonald was able to show the relevance of the evidence as the trial progressed.
¶ 7. McDonald produced no evidence, other than his assertions, that his ex-wife was involved in the actions leading up to McDonald's conviction. The ex-wife was not a witness to the incident nor was she involved in bringing charges against McDonald. His daughter testified that she had a close relationship with her mother. However, a close mother-daughter relationship is in no way sufficient evidence to show that either the ex-wife instructed her daughter to inform the authorities of the molestation or the daughter fabricated the charge on her own. We cannot find that the trial judge abused his discretion in refusing to allow this evidence into the record. This issue is without merit.
II. DID THE TRIAL COURT ERR IN FAILING TO GRANT MCDONALD'S MOTION FOR A NEW TRIAL?
¶ 8. In his remaining issue on appeal, McDonald argues that the trial judge should have granted his motion for a new trial because the verdict was against the overwhelming weight of the evidence. Our standard of review concerning the overwhelming weight of the evidence is well settled: "[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 8) (Miss.2005). The appellate court sits as a hypothetical "thirteenth juror." Id. As such, the Court weighs the evidence "in the light most favorable to the verdict." Id. If, in this position, the Court disagrees with the verdict of the jury, "the proper remedy is to grant a new trial." Id.
*945 ¶ 9. McDonald argues that, although he was touching and rubbing his daughter while applying suntan lotion, he was not doing so for the purpose of gratifying his lust as required by the statute. McDonald was found guilty of violating Mississippi Code Annotated Section 97-5-23(2) (Rev. 2006), which states, in pertinent part, as follows:
(2) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child younger than himself or herself and under the age of eighteen (18) years who is not the person's spouse, with or without the child's consent, when the person occupies a position of trust or authority over the child shall be guilty of a felony. . . .
¶ 10. In Friley v. State, 879 So.2d 1031, 1035(¶ 16) (Miss.2004), the supreme court found that by the defendant's actions "of grabbing [the victim], touching her genital area, and touching himself, he was gratifying his lust. There is absolutely no other reason why Friley would have performed these acts. It is well settled that intent can be inferred from a defendant's actions." The victim testified that McDonald inserted his finger into her vagina and rubbed his hands under both her swimsuit top and bottom. Witnesses at the scene saw McDonald place his hands under the victim's swimsuit and rub her in inappropriate places. The intent to gratify his lust could easily be inferred from McDonald's actions. We cannot find that the verdict was contrary to the overwhelming weight of the evidence. This issue is without merit.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF GRATIFICATION OF LUST AND SENTENCE OF FIFTEEN YEARS ON EACH COUNT, WITH SENTENCES TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The Court of Appeals declines to identify minor victims of sexual crimes.
[2] We note that both sets of briefs refer to the victim's mother by the wrong name. Both parties mistakenly refer to the ex-wife using the name of McDonald's current wife, who testified on his behalf. Rather than name the victim's mother, we will refer to her as McDonald's ex-wife.